AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>a black in color Apple iPhone with sim card number 89014103273604588351, unknown serial number; a black in color Apple iPhone with a blue case and unknown serial number; a white in color Apple iPhone that is cracked on both the front and back of the device with a red, black and white case, and unknown serial number; and a black in color Apple iPhone with damage to the rear of the device and an unknown serial number. | Case No. 22-9120 MB |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before 5/13/2022 *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any United States Magistrate Judge on criminal duty in the District of Arizona.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for 30 days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 4/29/2022 @ 11:02am

*Judge's signature* ESWillett

City and state: Phoenix, Arizona

Honorable Eileen S. Willett, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is: a black in color Apple iPhone with sim card number 89014103273604588351, unknown serial number; a black in color Apple iPhone with a blue case and unknown serial number; a white in color Apple iPhone that is cracked on both the front and back of the device with a red, black and white case, and unknown serial number; and a black in color Apple iPhone with damage to the rear of the device and an unknown serial number (hereafter the "SUBJECT CELLULAR TELEPHONES"). The SUBJECT CELLULAR TELEPHONES are currently located at Bureau of Alcohol, Tobacco, Firearms and Explosives evidence locker located at 40 North Central Avenue, Phoenix, Arizona 85004.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONES for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Property to be seized*

1. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES that relate to violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance) and 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), including:

   a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

   b. all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

   c. all bank records, checks, credit card bills, account information, or other financial records;

   d. all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

   e. any information recording schedule or travel;

   f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

   g. contextual information necessary to understand the above evidence.

2. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books,

contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

2

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| In the Matter of the Search of a black in color Apple iPhone with sim card number 89014103273604588351, unknown serial number; a black in color Apple iPhone with a blue case and unknown serial number; a white in color Apple iPhone that is cracked on both the front and back of the device with a red, black and white case, and unknown serial number; and a black in color Apple iPhone with damage to the rear of the device and an unknown serial number. | Case No. 23-9120 MB |
|---|---|

### APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the District of Arizona, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:
  ☒ evidence of a crime;
  ☐ contraband, fruits of crime, or other items illegally possessed;
  ☒ property designed for use, intended for use, or used in committing a crime;
  ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 841 | Possession with Intent to Distribute a Controlled Substance |

The application is based on these facts:

**See attached Affidavit of Deputy United States Marshal Robert Richardson**

  ☒ Continued on the attached sheet.
  ☐ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Ryan Goldstein

RYAN GOLDSTEIN
Digitally signed by RYAN GOLDSTEIN
Date: 2022.04.28 11:43:11 -07'00'

*Applicant's Signature*

Subscribed electronically and sworn to telephonically.

Robert Richardson, Deputy United States Marshal
*Printed name and title*

Date: 4/29/2022 @ 11:02am

*Judge's signature*

City and state: Phoenix, Arizona

Honorable Eileen S. Willett, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is: a black in color Apple iPhone with sim card number 89014103273604588351, unknown serial number; a black in color Apple iPhone with a blue case and unknown serial number; a white in color Apple iPhone that is cracked on both the front and back of the device with a red, black and white case, and unknown serial number; and a black in color Apple iPhone with damage to the rear of the device and an unknown serial number (hereafter the "SUBJECT CELLULAR TELEPHONES"). The SUBJECT CELLULAR TELEPHONES are currently located at Bureau of Alcohol, Tobacco, Firearms and Explosives evidence locker located at 40 North Central Avenue, Phoenix, Arizona 85004.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONES for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Property to be seized*

1. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES that relate to violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance) and 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), including:

   a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

   b. all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

   c. all bank records, checks, credit card bills, account information, or other financial records;

   d. all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

   e. any information recording schedule or travel;

   f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

   g. contextual information necessary to understand the above evidence.

2. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books,

contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

2

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your Affiant, Deputy Robert Richardson, being first duly sworn, hereby deposes and states as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to examine the cellular telephones further described in Attachment A (hereafter "SUBJECT CELLULAR TELEPHONES"), and in order to extract the electronically stored information set forth in Attachment B, which represent evidence and/or instrumentalities of the criminal violations further described below.

2. I am a Deputy with the United States Marshals Service, and have been since April 19, 2008. As part of my regular assigned duties, I conduct investigations into the whereabouts of federal and state fugitives. I have received training at the Federal Law Enforcement Training Center in Glynco, Georgia, in topics such as criminal and constitutional law, search warrant service, surveillance, and evidence collection. Since 2014, I have been assigned to the United States Marshals Service's Organized Crime and Gang branch. During that time, I have been assigned to work with the Phoenix Police Departments Gang Enforcement Branch which is a part of their Drug Enforcement Bureau. I have been the lead investigator or assisted in numerous investigations into organized violent crime to include the use and/or trafficking of firearms and the possession and or sales and trafficking of narcotic drugs.

3. The statements contained in this Affidavit are based on information derived from your Affiant's personal knowledge, training and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits and surveillance conducted by your Affiant and other law enforcement officers.

4. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, your Affiant has not set forth all of the relevant facts known to law enforcement officers.

## II. BASIS FOR PROBABLE CAUSE

On April 13, 2022, your Affiant was contacted by United States Marshals Service Senior Inspector Drew Polan of the St. Louis OCDETF Strike Force requesting your Affiant's assistance in locating and apprehending Deandre BRETT ("BRETT"). BRETT had an active warrant for his arrest due to an indictment issued out of the Eastern District of Missouri charging him with possession with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine; conspiracy to possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine; and possession of a firearm in furtherance of a drug-trafficking crime. Information had been developed by the United States Marshals Service's Technical Operations Group that BRETT had arrived in the Phoenix metropolitan area on or about April 12, 2022.

At approximately 1349, on April 13, 2022, Senior Inspector Dustin Strand provided your Affiant with an address of 11821 N. 28th Drive, unit 134, in Phoenix, AZ as an address that Deandre Brett had been at earlier in the day. Your Affiant and Special Deputy Todd Moore subsequently initiated surveillance on the residence and at approximately 1600 Special Deputy Moore observed BRETT and an unknown black male and black female (later identified as Darrell COOPER ("COOPER") and Juanisha JENNINGS ("JENNINGS")) arrive in a silver colored Cadillac SUV with Florida license plate 86AVXZ ("Cadillac"). Special Deputy Moore observed BRETT remove a black Nike duffel bag from the rear of the Cadillac and enter unit 134.

At approximately 1610, your Affiant and Special Deputy Moore observed BRETT and COOPER exit unit 134 and both males place a black Nike duffel bag back into the rear

2

of the Cadillac. At that time, BRETT, COOPER and JENNINGS departed the apartment complex in the Cadillac, which JENNINGS was driving. With the assistance of the Phoenix Police Department, constant surveillance was maintained of the Cadillac and its occupants as it traveled northbound on Interstate 17 towards Flagstaff, AZ.

At approximately 1830 your Affiant coordinated with members of the United States Marshals Service's Flagstaff Office to assume primary surveillance and apprehension responsibility. Your Affiant and Deputy United States Marshals and Special Deputies continued to maintain constant surveillance on the Cadillac and its occupants as it transitioned from Interstate 17 northbound to Interstate 40 eastbound.

At approximately 1914 Troopers with the Arizona Department of Public Safety attempted a traffic stop on the Cadillac on Interstate 40 eastbound near mile post 296. The Cadillac pulled over to the shoulder and with the assistance of Deputy United States Marshals and Special Deputies a felony stop was initiated where verbal commands were given to the occupants. The occupants were noncompliant and eventually fled eastbound on Interstate 40 in the vehicle at a high rate of speed and Troopers with the Arizona Department of Public Safety initiated a pursuit. The pursuit continued for approximately 30 miles until Troopers lost visual contact of the vehicle near mile marker 324 and terminated the pursuit.

At approximately 2026, Troopers with the Arizona Department of Public Safety's Aviation Unit reacquired the vehicle near mile marker 325. The vehicle was now traveling westbound on Interstate 40 at a high rate of speed. The vehicle subsequently came to a stop near mile marker 300 where BRETT, COOPER and JENNINGS all exited from the vehicle and fled northbound into the desert. With the Aviation Unit overhead, BRETT and COOPER ceased running and were placed under arrest by Troopers.

At approximately 2100, your Affiant arrived to the arrest location where Troopers had taken BRETT and COOPER into custody. At that time, your Affiant collected BRETT

and COOPER'S personal belongings that were in their possession. Amongst their personal belongings included four (4) cellular telephones that were located on the ground within several feet of BRETT and COOPER when they were arrested. Your Affiant along with other Deputy United States Marshals and Troopers escorted BRETT and COOPER back to awaiting law enforcement vehicles where they were searched incident to arrest and $3,248 in United States currency was discovered in COOPER's front pocket and placed into a property bag by your Affiant. BRETT and COOPER were then put in Marshals Service restraints and placed into the back of a Marshals Service vehicle. Your Affiant then opened the rear side passenger door and showed BRETT and COOPER the four (4) cellular telephones that were secured as evidence from the arrest location. Prior to being Mirandized, both BRETT and COOPER denied possession or ownership of the cellular telephones and informed your Affiant that they did not know whose phones those were.

Your Affiant placed the cellular telephones in a separate property bag and secured the property bags containing the cellular telephones and United States currency in the locked vault located in the rear of your Affiant's government issued vehicle. Your Affiant then responded to the location of the Cadillac SUV, which no longer contained the black Nike duffel bag. The Aviation Unit, Troopers, Deputy United States Marshals, and Special Deputies continued to search the surrounding area for JENNINGS and the black Nike duffel bag with negative results and further efforts were terminated. BRETT and COOPER were transported to the Coconino County Jail.

At approximately 2348, JENNINGS called 911 requesting assistance due to the cold weather and provided 911 operators with her location. Troopers and Deputy United States Marshals responded to JENNINGS location. A Deputy United States Marshal then located the black Nike duffel bag in brush near the shoulder of the road, in a deserted area, within a half mile of where the Cadillac was stopped. The duffel bag contained twenty-seven (27) individually packed one (1) pound packages of suspected methamphetamine. Deputy

DeRosa and Special Deputy Condon secured the duffel bag and its contents and transported it to the Flagstaff Police Department's evidence storage.

1. The SUBJECT CELLULAR TELEPHONES are currently in the lawful possession of Bureau of Alcohol, Tobacco, Firearms and Explosives. Your Affiant seized the cellular telephones subject to an arrest and preserved them as further evidence of a crime. Therefore, while the United States Marshals Service might already have all necessary authority to examine the device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the device will comply with the Fourth Amendment and other applicable laws.

2. The SUBJECT CELLULAR TELEPHONES are currently in storage at the Bureau of Alcohol, Tobacco, Firearms and Explosives evidence locker located at 40 North Central Avenue, Phoenix, Arizona 85004. In my training and experience, I know that the SUBJECT CELLULAR TELEPHONES have been stored in a manner in which the contents are, to the extent material to this investigation, in substantially the same state as they were when the SUBJECT CELLULAR TELEPHONES first came into the possession of the United States Marshals Service.

### III. ITEMS TO BE SEIZED

3. Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B will be found in the contents of the SUBJECT CELLULAR TELEPHONE.

4. Based on my training, education, and experience, and discussions with other trained law enforcement personnel, along with information provided by sources of information and confidential sources, your Affiant knows the following:

5. Drug traffickers commonly use cellular telephones to communicate with other drug traffickers and customers about drug-related activities through the use of telephone calls, text messages, email, chat rooms, social media, and other internet- and

application-based communication forums. Moreover, drug traffickers commonly use other capabilities of cellular telephones to further their drug trafficking and money laundering activities. Therefore, evidence related to drug trafficking activity and money laundering activity is likely to be found on the SUBJECT CELLULAR TELEPHONES.

6. In addition to items which may constitute evidence and/or instrumentalities of the crimes set forth in this Affidavit, your Affiant also requests permission to seize any articles tending to establish the identity of persons who have dominion and control over the SUBJECT CELLULAR TELEPHONES.

## IV. DIGITAL EVIDENCE STORED WITHIN A CELLULAR TELEPHONE

7. As described in Attachment B, this application seeks permission to search for records and information that might be found in the contents of the SUBJECT CELLULAR TELEPHONES. Thus, the warrant applied for would authorize the copying of electronically stored information under Rule 41(e)(2)(B).

8. *Probable cause.* Your Affiant submits that there is probable cause to believe records and information relevant to the criminal violations set forth in this Affidavit will be stored on the SUBJECT CELLULAR TELEPHONES for at least the following reasons:

   a. Your Affiant knows that when an individual uses a cellular telephone, the cellular telephone may serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime. The cellular telephone is an instrumentality of the crime because it is used as a means of committing the criminal offense. The cellular telephone is also likely to be a storage medium for evidence of crime. From my training and experience, your Affiant believes that a cellular telephone used to commit a crime of this type may contain: data that is evidence of how the cellular telephone was used; data that was sent or received; notes as to how the criminal conduct was achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

   b. Based on my knowledge, training, and experience, your Affiant knows that cellular telephones contain electronically stored data, including, but not limited to, records related to communications made to or from the cellular telephone, such as the associated telephone numbers or account identifiers, the dates and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

   c. Based on my knowledge, training, and experience, your Affiant knows that electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto a cellular telephone, deleted, or viewed via the Internet. Electronic files downloaded to a cellular telephone can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a cellular telephone, the data contained in the file does not actually disappear; rather, that data remains on the cellular telephone until it is overwritten by new data.

   d. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the cellular telephone that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a cellular telephone's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

  9. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronic files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the cellular telephone was used, the purpose of the use, who used it, and

when. There is probable cause to believe that this forensic electronic evidence will be found in the contents of the SUBJECT CELLULAR TELEPHONES because:

    a.    Data in a cellular telephone can provide evidence of a file that was once in the contents of the cellular telephone but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b.    As explained herein, information stored within a cellular telephone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information stored within electronic storage medium (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the cellular telephone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the cellular telephone was remotely accessed, thus inculpating or exculpating the owner. Further, activity on a cellular telephone can indicate how and when the cellular telephone was accessed or used. For example, as described herein, cellular telephones can contain information that log: session times and durations, activity associated with user accounts, electronic storage media that connected with the cellular telephone, and the IP addresses through which the cellular telephone accessed networks and the internet. Such information allows investigators to understand the chronological context of cellular telephone access, use, and events relating to the crime under investigation. Additionally, some information stored within a cellular telephone may provide crucial evidence relating to the physical location of other evidence

and the suspect. For example, images stored on a cellular telephone may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The geographic and timeline information described herein may either inculpate or exculpate the user of the cellular telephone. Last, information stored within a cellular telephone may provide relevant insight into the user's state of mind as it relates to the offense under investigation. For example, information within a computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

      c.    A person with appropriate familiarity with how a cellular telephone works can, after examining this forensic evidence in its proper context, draw conclusions about how the cellular telephone was used, the purpose of its use, who used it, and when.

      d.    The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a cellular telephone that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, cellular telephone evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on one cellular telephone is evidence may depend on other information stored on that or other storage media and the application of knowledge about how electronic storage media behave. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

      e.    Further, in finding evidence of how a cellular telephone was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence

of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

10. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit imaging or otherwise copying the contents of the SUBJECT CELLULAR TELEPHONES, including the use of computer-assisted scans.

11. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## V. CONCLUSION

12. Your Affiant submits there is probable cause to believe that the items listed in Attachment B, which constitute evidence and/or instrumentalities of violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance) and 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance) are likely to be found in the contents of the SUBJECT CELLULAR TELEPHONES further described in Attachment A.

ROBERT RICHARDSON
Digitally signed by ROBERT RICHARDSON
Date: 2022.04.28 11:36:46 -07'00'

Robert Richardson
Deputy U.S. Marshal

Subscribed electronically and sworn telephonically before me this <u>  29  </u> day of April, 2022.

<u>EsWillett</u>
HONORABLE EILEEN S. WILLETT
United States Magistrate Judge